IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL KIRK LEGGETT,**

    **Petitioner,**

v.                                                  Civil Action No. 1:09cv37
                                                    (Judge Keeley)

**JAMES N. CROSS,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On March 10, 2009, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. On April 20, 2009, the petitioner paid the $5.00 filing fee. In the petition, the petitioner asserts that the Bureau of Prisons ("BOP") does not have the authority to compute his sentence, that the BOP does not have jurisdiction to hold him in custody, and that the BOP has wrongly taken away his good credit time. The respondent filed a Motion to Dismiss or, in the alternative, for Summary Judgment with a memorandum in support thereof on June 2, 2009. The undersigned then issued a Roseboro Notice on June 3, 2009, and the petitioner responded on June 10, 2009.

**I. Issues Presented**

    **A. The Petition**

The petitioner alleges three separate violations in his petition for Habeas Corpus. The petitioner first alleges that the BOP unlawfully computed his sentence; more specifically, that it does not have the jurisdiction make these calculations (Doc. 1, p.4). He does not allege that the sentence was wrongly computed, just that the BOP did not have the right to make the calculation of the sentence. Next, the petitioner alleges that the BOP unlawfully revoked his good time credit (Doc.

1, p.5). Finally, the petitioner alleges that the BOP is unlawfully holding him in custody, because he was not sentenced or committed to the custody of the BOP by the sentencing Court (Doc. 1, p.5).

### B. Motion to Dismiss or, in the alternative, for Summary Judgment

In support of his Motion to Dismiss or, in the alternative, for Summary Judgment, the respondent claims that the petitioner has failed to exhaust all of his administrative remedies with regard to his claims. The respondent also argues that the petitioner is properly in the custody of the BOP, having been previously serving his sentence there. The respondent also states that the BOP does have authority to compute the petitioner's sentence and, in fact, has the exclusive authority to do so. Finally, the respondent claims that the petitioner's good conduct time was not wrongfully revoked, and that the petitioner was convicted of multiple infractions within the prison to warrant the revocation of his good conduct time.

### C. Petitioner's Response

In his response, the petitioner notes that he is dismissing his claims that the respondent unlawfully revoked his good conduct time and wrongfully computed and/or lacked the authority to compute his sentence. He, however, continues to maintain that the BOP is holding him in custody without jurisdiction. The petitioner claims that the judge never stated that he was sentenced to the control of the BOP and, therefore, they do not have the jurisdiction to hold him.

## II. Factual Background

The petitioner is currently incarcerated at Hazelton, which is a United Sates Penitentiary located in Bructon Mills, West Virginia. He was released from a prior sentence on October 11, 2007, only to be arrested for a violation of his supervised release and returned to federal custody the next day. On October 30, 2007, he was placed in the custody of the BOP at the Federal Correctional Institutional in Milan, Michigan. (Doc. 13-2). On March 24, 2008, the United States District Court

for the Northern District of Ohio held a supervised release violation hearing and found that the petitioner had violated the terms of his supervision. (Doc. 1-4). On March 28, 2008, that same court revoked his supervision and ordered the petitioner "imprisoned for a term of 24 months..." Id.

## III. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits, and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

### B. Summary Judgment

Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. V. Catrett, 477 U.S. 317, 322-23 (1986). The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of

whether genuine issues of triable fact exist. Anderson v. liberty lobby, Inc., 477 U.S. 242, 248 *1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but...must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248. To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita at 587 (citation omitted).

**IV. Analysis**

    **A. Failure to Exhaust Administrative Remedies**

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241

are merely judicially imposed. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004) (same). Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)). Indeed, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile. See id. at *

However, even in cases where the administrative process is unlikely to grant an inmate relief, Courts have enforced a longstanding policy favoring exhaustion. See Alexander v. Hawk, 159 F.3d 1321, 1327-28 (11th Cir. 1998). In particular, it has been noted that the following policies are promoted by requiring the exhaustion of administrative remedies: "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'" Id. at 1327 (citation omitted).

In the case at bar, it is clear that the petitioner has not exhausted him administrative remedies with respect to his claim that he is unlawfully being held in custody by the BOP. The plaintiff only filed one administrative remedy that deals with the issue of his confinement in the BOP, and which was only filed at the institutional level (Doc 13-2 p.3). In response to this issue, the petitioner

merely states that "[t]he petitioner does not have to exhaust all administrative remedies to raise a lack of jurisdiction claim." (Doc. 16 p.1). However, he does not provide any allegations or other proof that states that this exhaustion has been waived, and he does not present any argument to why he would not have to exhaust his remedies. As the respondent notes, this is precisely the type of issue that the Courts are trying to avoid by requiring exhaustion of administrative remedies. Had the petitioner gone through the administrative remedy process, his claims of lack of jurisdiction could have been dealt with and explained to him more fully. Then, if he was still unsatisfied with his imprisonment he could have brought the petition before the Court. Accordingly, the petition should be denied for failure to exhaust all administrative remedies. However, even if the Court were to waive exhaustion, the petition should still be denied for the reasons set forth below.

### B. BOP's Custody Over Petitioner

"A person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of chapter 227 shall be committed to the custody of the Federal Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624." 18 U.S.C. § 3621(a). The petitioner was convicted on November 16, 1992, for bank robbery and assault on an officer and was sentenced to 115 months imprisonment in federal prison. The defendant was released on October 11, 2007, and placed on supervised release. The defendant was then again placed in custody of the BOP for violating his supervised release on October 30, 2007.

Title 18, United States Code Section 3583(e)(3), found in subchapter D of Chapter 227, authorizes a sentencing court to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release. . ." 18 U.S.C. § 3583(e)(3). The petitioner's argument

is merely that because the sentencing judge did not specifically say that he was committed "to the custody of the BOP," he is being improperly held in their custody. However, Title 18, United States Code Section 3621(a) states in pertinent part, "[a] person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of Chapter 227 shall be committed to the custody of the Federal Bureau of Prisons until the expiration of the term imposed, or until earlier release for satisfactory behavior pursuant to the provisions of section 3624." Therefore, although, as conceded by the respondent, it might have made it more clear to the petitioner had the sentencing judge specifically stated that he was sentenced or committed to the custody of the BOP, § 3621(a) automatically applies, and the petitioner properly has been committed to the custody of the BOP. Therefore, the only claim of the petition, which the petitioner still wishes to pursue, should be dismissed.

## V. Recommendation

Based on the foregoing, it is recommended that the respondent's Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. 12), be **GRANTED** and the petition be **DISMISSED WITH PREJUDICE**

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984)

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. In addition, the clerk is directed to send a copy to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: June 29, 2009

      /s James E. Seibert
**JAMES E. SEIBERT**
**UNITED STATES MAGISTRATE JUDGE**