IN THE UNITED STATES DISTRICT COURT FOR THE
                NORTHERN DISTRICT OF WEST VIRGINIA


**MICHAEL KIRK LEGGETT,**

          Petitioner,

v.                                      CIVIL NO. 1:09CV37
                                          (Judge Keeley)

**JAMES N. CROSS,**

          Respondent.

          ORDER ADOPTING THE MAGISTRATE JUDGE'S
          REPORT AND RECOMMENDATION [DKT. NO. 17],
          GRANTING RESPONDENT'S MOTION FOR SUMMARY
          JUDGMENT [DKT. NO. 12], AND DISMISSING WITH
          <u>PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]</u>

                        I. INTRODUCTION

    On March 10, 2009, the pro se petitioner, Michael Kirk Leggett ("Leggett"), a former federal inmate, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (2009), asserting that the Federal Bureau of Prisons ("BOP") 1) unlawfully computed his sentence, 2) unlawfully revoked his credit for good conduct time, and 3) lacked jurisdiction to maintain custody over him.[1] The

---

[1] Although it appears that Leggett is no longer incarcerated as a federal inmate (dkt. no. 20), it is proper for the Court to rule on the merits of his pending petition because of the collateral consequences that may attach from his conviction and incarceration. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (holding that "once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application."). Such collateral consequences include the potential for an enhanced criminal history categorization under the United States Sentencing Guidelines, or his eligibility for parole under a state penal system. See Douglas v. Deans, No. 90-6532, 1990 WL 139312, at *1 (4th Cir. Sep. 26, 1990) (table case) (unpublished).

**LEGGETT V. CROSS**                                                   **1:09CV37**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT, AND DISMISSING WITH
PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

heartland of Leggett's challenge to the BOP's power to maintain custody over him is that, because the sentencing judge failed to orally commit him to the custody of the BOP at the time of sentencing, that omission deprived the BOP of its jurisdiction to keep him in custody.

The Court referred Leggett's petition to Magistrate Judge James E. Seibert for initial screening pursuant to Local Rule of Prisoner Litigation 83.02 and Local Standing Order No. 2. On March 8, 2009, the magistrate judge ordered Leggett to show cause why his case should not be dismissed without prejudice for his failure to comply with the Court's filing requirements. (dkt. no. 5). Leggett promptly responded that he was in the process of making arrangements to send his $5.00 filing fee, which he paid on April 4, 2009 (dkt. no. 7).

On May 4, 2009, Magistrate Judge Seibert directed the respondent, James N. Cross ("Cross"), to show cause why Leggett's petition should not be granted. (dkt. no. 9). On June 2, 2009, Cross responded to this order by filing a motion either to dismiss Leggett's petition, or, alternatively, seeking summary judgment. (Dkt. Nos. 12, 13).

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT, AND DISMISSING WITH
PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

Cross argues that the Court should deny Leggett's petition because he failed to exhaust his administrative remedies, and also because he was lawfully in the custody of the BOP following the revocation of his supervised release and imposition of a twenty-four month sentence of incarceration by the Northern District of Ohio. On the next day, June 3, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), Magistrate Judge Seibert notified Leggett that his failure to respond to Cross's motion could result in the dismissal of his case.

On June 10, 2009, Leggett filed a response in which he withdrew his claims challenging the BOP's revocation of his credit for good conduct time and the computation of his sentence, but reasserted his challenge to the BOP's jurisdiction to maintain custody over him. (dkt. no. 16). In support of that assertion, Leggett cited United States v. Bergman, 836 F.2d 1220 (9th Cir 1988); United States v. Villano, 816 F.2d 1448 (10th Cir. 1987) (en banc); and United States v. Marques, 506 F.2d 620 (2d Cir. 1974).

## II. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In his Report and Recommendation ("R&R"), Magistrate Judge Seibert concluded that Leggett had indeed failed to exhaust his

3

**LEGGETT V. CROSS**                                          **1:09CV37**

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT, AND DISMISSING WITH
PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

administrative remedies within the BOP, and that his petition should be denied on that basis alone. See, e.g., Alexander v. Hawk, 159 F.3d 1321, 1327-28 (11th Cir. 1998) (recognizing the judiciary's longstanding favor for the exhaustion of administrative remedies). Alternatively, he concluded that Leggett's challenge to the BOP's power to hold him in custody failed as a matter of law.

Magistrate Judge Seibert noted that 18 U.S.C. § 3583(e)(3) authorizes federal sentencing courts to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release. . . ." He also noted that, pursuant to 18 U.S.C. § 3621(a), "[a] person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of chapter 227 shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624."

Magistrate Judge Seibert concluded his analysis by finding that, upon imposition of his sentence in the Northern District of Ohio, Leggett's commitment to the BOP occurred automatically by

**LEGGETT V. CROSS**                                                  1:09CV37

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT, AND DISMISSING WITH
PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

operation of law, and that it was not necessary for the sentencing judge to make this designation orally at the time of sentencing.

### III. STANDARD OF REVIEW

In reviewing a magistrate judge's R&R, the Court reviews de novo any portions of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1). It may, however, adopt without explanation any of the magistrate judge's recommendations to which no objections are filed. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983); see also Nettles v. Wainwright, 656 F.2d 986, 986-87 (5th Cir. 1981). A failure to file specific objections "waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

### IV. ANALYSIS

Leggett's objections reassert his argument that the BOP lacked jurisdiction to maintain custody over him due to the failure of the sentencing judge to orally commit him to the custody of the BOP at the time of sentencing. He again cites Villano, and additionally

5

**LEGGETT V. CROSS** 1:09CV37

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT, AND DISMISSING WITH
PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

cites, for the first time, Bartone v. United States, 375 U.S. 52 (1963).[2]

Both Villano and Bartone stand for the well-established rule "that where a direct conflict exists between the oral pronouncement at sentencing and the written order of judgment, the oral sentencing order is to be followed and the remedy is to vacate the judgment and remand to the district court for the purpose of correcting the written judgment to conform to the oral sentence." United States v. Abdel-Aziz, 67 Fed. Appx. 805, 807 (4th Cir. 2003) (unpublished). These cases, however, do not support his contention that the BOP lacks jurisdiction to retain custody over him.

In Villano, for example, the Tenth Circuit, sitting en banc, held that a sentencing judge's oral imposition of a lesser sentence prevailed over a conflicting written judgment and commitment order imposing a greater sentence. The circuit court reached this conclusion after recognizing that "when there is a conflict between

---

[2] Leggett also cites to Kelly v. United States, 29 F.3d 1107 (7th Cir. 1994), overruled by United States v. Ceballos, 302 F.3d 679 (7th Cir. 2002) and Thor v. United States, 554 F.2d 759 (5th Cir. 1977) to support his contention that his jurisdictional challenge to the BOP's custody should not be barred for procedural reasons. Leggett's citations to these authorities do not advance his argument because they provide no substantive support to his legal theory.

**LEGGETT V. CROSS** 1:09CV37

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT, AND DISMISSING WITH
PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

the oral sentence and the judgment and commitment order, the sentence, as orally pronounced, shall not be altered." 816 F.2d at 1453. Other cases cited by Leggett, Bergman, 836 F.2d 1220; Marques, 506 F.2d 620; and Bartone, 375 U.S. 52, all involved challenges to written orders that imposed sentences greater than those pronounced orally by the sentencing judge.

Here, in contrast, the transcript from Leggett's sentencing hearing establishes that the district judge orally sentenced Leggett to twenty-four months of incarceration after revoking his supervised release, a sentence that was no greater than, nor different from, the sentence reflected in Leggett's written judgment and commitment order. Leggett, however, contends that the sentencing court's failure to orally designate him to the custody of the BOP, and its inclusion of this designation only in its written order, fatally affects his sentence and that agency's power to retain custody over him.

Unlike the petitioners in the cases cited by Leggett, however, Leggett's oral sentence was identical to the sentence in his judgment and commitment order. That the sentencing judge failed to orally designate him to the custody of the BOP has no impact

**LEGGETT V. CROSS**                                                      1:09CV37

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT, AND DISMISSING WITH
PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

whatever on the BOP's power to retain him in its custody. As the R&R correctly notes, it is not necessary for a sentencing judge in federal court to orally designate a defendant to the custody of the BOP following sentencing because such designation occurs automatically, by operation of law. See 18 U.S.C. § 3621(a). Accordingly, Leggett's challenge to the BOP's jurisdiction to retain custody over him is entirely without merit.

## V. CONCLUSION

For the reasons discussed, the Court **ADOPTS** Magistrate Judge Seibert's R&R in its entirety (dkt. no. 17), **GRANTS** Cross's motion for summary judgment (dkt. no. 12), and **DISMISSES WITH PREJUDICE** Leggett's Petition for Writ of Habeas Corpus (dkt. no. 1).

It is so **ORDERED**.

The Court directs the Clerk to transmit a copy of this Order to counsel of record, and to mail a copy to the pro se petitioner, certified mail, return receipt requested.

DATED: March 11, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE